LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM
MAR 22 2006
MARY L.M. MORAN
CLERK OF COURT

FILED
DISTRICT COURT OF GUAM
MAR 20 2006
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>REX A. GARRIDO,<br><br>    Defendant. | CRIMINAL CASE NO. 06-00009<br><br>**AMENDED<br>PLEA AGREEMENT** |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, REX A. GARRIDO, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to Count II of an Indictment charging him with importation of 89 grams, net weight, of methamphetamine hydrochloride, a schedule II controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(b)(1)(H), and Title 18, United States Code, Section 2.

2. The defendant, REX A. GARRIDO, further agrees to fully and truthfully cooperate with Federal law enforcement agents concerning their investigation of the importation, possession, and distribution of controlled substances, and related unlawful activities,

1

including the disposition of profits from and assets relating to such activities. He agrees to testify fully and truthfully before any grand juries and at any trials or proceedings against any co-conspirators if called upon to do so for the United States, subject to prosecution for perjury for not testifying truthfully. The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that he remains liable and subject to prosecution for any non-violent Federal or Territorial offenses that he does not fully advise the United States, or for any material omissions in this regard. In return for this cooperation, the United States agrees not to prosecute defendant in the District of Guam or the Commonwealth of the Northern Mariana Islands for any other non-violent Federal offenses which he reveals to Federal authorities.

3. The defendant, REX A. GARRIDO, understands and agrees that any and all assets or portions thereof acquired or obtained by him as a direct or indirect result of illegal trafficking in drugs or used to facilitate such illegal activity shall be surrendered to the United States or any lawful agency as may be directed by the Court. The assets to be surrendered include, but are not limited to, cash, stocks, bonds, certificates of deposit, personal property and real property.

4. The defendant, REX A. GARRIDO, further agrees to submit to a polygraph examination by any qualified Federal polygraph examiner if called upon to do so by the government. The defendant understands that such polygraph examinations may include, but will not be limited to, his knowledge of or involvement in unlawful drug and money laundering related activities, his knowledge of others' involvement in such activities, and the identification of any and all assets and conveyances acquired in whole or in part by the defendant or others through unlawful drug and money laundering related activities or the use of such assets or conveyances to further such unlawful activities. Defendant understands that the government will rely on the polygraph in assessing whether he has been fully truthful.

5. The defendant, REX A. GARRIDO, understands that the <u>maximum</u> sentence for importation of 89 grams of methamphetamine hydrochloride is life imprisonment, a $4,000,000 fine, and a minimum mandatory term of ten (10) years of incarceration which may not be stayed

or suspended by the court. Any sentence imposed shall include a term of supervised release of at least 5 years in addition to such terms of imprisonment, as well as such restitution as the court may order and a $100.00 special assessment fee. Defendant understands that if he violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release, thereby resulting in the additional incarceration of defendant for not more than five (5) years.

The total special assessment fee of $100.00 must be paid immediately upon sentencing. The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt. If defendant cooperates as set forth in Paragraphs 2, 3, and 4, the government will recommend that defendant receive the minimum term of incarceration legally available under the applicable statutes and Sentencing Guidelines. If defendant does not fully cooperate as set forth in Paragraphs 2, 3, and 4, the government will recommend a sentence of incarceration within the applicable statutes and Guidelines range it may deem appropriate.

6. If defendant provides full, truthful, and substantial assistance to investigating federal agencies, the government will move the Court, as provided by Section 5K1.1, United States Sentencing Guidelines, hereinafter USSG, and 18 U.S.C. Section 3553(e), for a downward departure from the Guidelines and the statutory minimum sentence. Defendant understands the following:

> (a) At or before the time of sentencing, the United States will advise the Court of any assistance provided by defendant in the prosecution of another person who has committed a criminal offense. It is understood and agreed that a motion for departure shall not be made, under any circumstances, unless defendant's cooperation is "substantial." The United States has made no promise, implied or otherwise, that defendant will be granted a "departure" for "substantial assistance." Further, no promise has been made that a motion will be made for departure even if defendant complies with the terms of this agreement in all respects, but has been unable to provide "substantial assistance."

(b) The United States agrees to consider the totality of the circumstances, including but not limited to the following factors, in determining whether, in the assessment of the U.S. Attorney, defendant has provided "substantial assistance" which would merit a government request for a downward departure from the applicable guideline sentencing range:

    (1) the United States' evaluation of the significance and usefulness of any assistance rendered by defendant;

    (2) the truthfulness, completeness, and reliability of any information or testimony provided by defendant;

    (3) the nature and extent of defendant's assistance;

    (4) any injuries suffered or any danger or risk of injury to defendant or defendant's family resulting from any assistance provided by defendant; and,

    (5) the timeliness of any assistance provided by defendant.

(c) It is understood that even if a motion for departure is made by the United States, based upon defendant's perceived "substantial assistance," the final decision as to how much, if any, reduction in sentence is warranted because of that assistance, rests solely with the District Court.

7. The defendant understands that to establish a violation of importation of 89 grams, net weight, of methamphetamine hydrochloride, as an aider and abettor, the government must prove each of the following elements beyond a reasonable doubt:

    <u>First</u>: the offense of importation of 89 grams, net weight, of methamphetamine hydrochloride was committed by someone;

    <u>Second</u>: the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit the importation offense; and [→ each element of]

    <u>Third</u>: the defendant acted before the crime was completed.

8. The defendant understands that the United States Probation Office will calculate a "sentencing range" within the United States Sentencing Guidelines. The defendant understands the Sentencing Guidelines are advisory, but will be used by the District Court in fashioning the sentence. The defendant also understands that the facts he stipulates to herein will be used by probation, pursuant to § 1B1.2 of the Sentencing Guidelines, in calculating the advisory guidelines level:

//
//

- 4 -

a. The defendant was born in ~~1960~~ 1964 and is a citizen of the United States.

b. If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing his punishment, and therefore, pursuant to § 1B1.8 of the sentencing guidelines, such information should not be used in determining the applicable guidelines range.

c. Beginning sometime in November 2004 and continuing to November 22, 2005, the defendant participated in a conspiracy with other individuals, including Franklin John Taitano, to import and distribute methamphetamine hydrochloride from the Philippines into Guam. As part of the conspiracy, the defendant received $30,000 from Taitano which he wired to the Philippines via foreign exchange services. Upon receipt of said cash the defendant arranged for the purchase and shipment of methamphetamine hydrochloride from the Philippines to Guam. Sometime during January 2005, the defendant knowingly and intentionally aided, counseled, induced and caused another to send a cardboard parcel containing drugs from the Philippines to Guam. Said parcel which was addressed as follows:

From: Mark A. Bucayo, 45 Wellfareville St., Mandaluyong City, Philippines

To: Patty Leon Guerrero, P. O. Box 208, Agana, Guam 96932 USA

left the Philippines on about January 24, 2005, and arrived in Guam on February 2, 2005. The defendant assisted in packaging the parcel which contained 89 grams, net weight, of methamphetamine hydrochloride a/k/a "ice" that were in 28 straws and concealed inside the sidewall of the cardboard parcel. The defendant purchased the drugs in the Philippines from monies he received from Taitano, and expected to be paid $30,000 for his share of the proceeds.

d. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea.

- 5 -

Case 1:06-cr-00009  Document 20  Filed 03/22/2006  Page 5 of 8

9. The defendant understands that this plea agreement depends on the fullness and truthfulness of his cooperation. Therefore, defendant understands and agrees that if he should fail to fulfill completely each and every one of his obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of his plea agreement and before sentencing, the government will be free from its obligations under the plea agreement; thus defendant, in addition to standing guilty of the matters to which he has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against him, without limitation, any and all information, in whatever form, that he has provided pursuant to this plea agreement or otherwise.

10. The defendant understands that his sentencing may be continued, at the ~~sole~~ discretion of the United States, until after the indictment and trial of any associates involved. This will also enable the Court to see the full degree of the defendant's cooperation. The defendant therefore waives any right he may have to any speedy sentencing and hereby agrees to any continuance of his sentencing date as it may become necessary.

11. In exchange for the government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence actually imposed in this case. The defendant understands and agrees that the government has bargained for a criminal conviction arising from his criminal conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or is rendered invalid for any reason, or if any change of law renders the conduct for which he was convicted to be non-criminal, defendant agrees that he will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

12. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

   a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

   b. His right to be represented by an attorney;

   c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

   d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

   e. Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that he may not withdraw his guilty plea even if the court does not accept the sentencing recommendation of the government or his counsel;

   f. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

   g. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

   h. That he has read the plea agreement and understands it.

//
//
//
//

- 7 -

i. The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: 3/17/06

REX A. GARRIDO
Defendant

DATED: 3/17/06

JOAQUIN C. ARRIOLA, JR.
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

DATED: 3/20/06

By: MARIVIC P. DAVID
Assistant U.S. Attorney

DATED: 3/20/06

RUSSELL C. STODDARD
First Assistant U.S. Attorney

- 8 -